≈JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Jalil Hasan

**DEFENDANTS**

Lower Merion School District, et al.

**(b)** County of Residence of First Listed Plaintiff   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Montgomery
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark S. haltzman, Esquire 3600 Horizon Blvd., Suite 200, Trevose, PA19053 (215)638-9330

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   Jan E. DuBois   DOCKET NUMBER  2:10-cv-00665-JD

DATE   7/27/10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jalil Hasan                                    :                    CIVIL ACTION
                                               :
                     v.                        :
Lower Merion School District, The Board of     :
Directors of the Lower Merion School District: :        NO.
Christopher W. McGinley, Michael Perbix and Charles Ginter and John Does 1-5

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)


|  7/27/10                    |  Mark S. Haltzman, Esquire   |  Plaintiff                        |
| --------------------------- | ---------------------------- | --------------------------------- |
| **Date**                    | **Attorney-at-law**          | **Attorney for**                  |
| 215-638-9330                | 215-638-2867                 | mhaltzman@lammrubenstone.com      |
|                             |                              |                                   |
| **Telephone**               | **FAX Number**               | **E-Mail Address**                |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 3600 Horizon Blvd., Suite 200, Trevose, PA 19053

Address of Defendant: 301 East Montgomery Avenue, Ardmore, PA 19003

Place of Accident, Incident or Transaction: Montgomery County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: 2:10-cv-00665-JD   Judge Jan E. DuBois   Date Terminated: Pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☒   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Mark S. Haltzman, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 7/27/10      Mark S. Haltzman, Esquire      38957
                   Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/27/10      Mark S. Haltzman, Esquire      38957
                   Attorney-at-Law                Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JALIL HASAN                                    :        CIVIL ACTION
c/o Lamm Rubenstone LLC                         :
3600 Horizon Blvd., Suite 200                   :
Trevose, PA 19053                               :
                                                :        NO.
                                                :
          v.                                    :
                                                :
LOWER MERION SCHOOL DISTRICT                     :
301 East Montgomery Avenue                       :
Ardmore, PA  19003                               :        JURY TRIAL DEMANDED
          and                                    :
THE BOARD OF DIRECTORS OF THE                    :
LOWER MERION SCHOOL DISTRICT                     :
301 East Montgomery Avenue                       :
Ardmore, PA  19003                               :
          and                                    :
CHRISTOPHER W. McGINLEY                          :
Superintendent of Lower Merion School            :
301 East Montgomery Avenue                       :
Ardmore, PA  19003                               :
          and                                    :
MICHAEL PERBIX                                   :
221 Bannockburn Avenue                           :
Ambler, PA                                       :
          and                                    :
CHARLES GINTER                                   :
c/o Lower Merion School District                 :
301 East Montgomery Avenue                       :
Ardmore, PA  19003                               :
                                                 :
                                                 :
          and                                    :
JOHN DOES 1-5                                    :


## COMPLAINT

Plaintiff, Jalil Hasan, by and through his undersigned counsel, Lamm Rubenstone LLC,

by way of Complaint against Defendants, Lower Merion School District, The Board of Directors

413899-1

of the Lower Merion School District, Christopher W. McGinley, Michael Perbix, Charles Ginter

and John Does 1-5, (hereinafter collectively referred to as "Defendants") avers as follows:

## NATURE OF THE ACTION

1.      Plaintiff, Jalil Hasan ("Jalil") was issued a personal laptop computer equipped

with a web camera ("webcam") by the Lower Merion School District.  Plaintiff seeks to recover

damages caused to Plaintiff by Defendants invasion of Plaintiff's privacy, theft of Plaintiff's

private information and unlawful interception and access to acquired and exported computerized

data and other stored electronic communications in violation of the Electronic Communications

Privacy Act, the Computer Fraud Abuse Act, the Stored Communications Act, Section 1983 of

the Civil Rights Act, the Fourth Amendment of the United States Constitution, the Pennsylvania

Wire Tapping and Electronic Surveillance and Pennsylvania common law.

2.      Unbeknownst to Plaintiff, and without his authorization, Defendants have

intentionally, maliciously, wantonly and recklessly spied on the activities of Plaintiff via

Defendants indiscriminate use of and ability to remotely activate the laptop to "instruct" the

laptop to begin taking pictures using the webcam incorporated into his school issued laptop and

to take a screen shot of whatever is on the screen of his laptop . This surveillance of Plaintiff's

home use of his school issued laptop, including the indiscriminate remote activation of the

webcam incorporated into the laptop and the taking of screen shots, was accomplished without

the knowledge or consent of Plaintiff or his parents.

3.      Plaintiff brings this action pursuant to §§2511 and 2520 of the Electronic

Communications Privacy Act ("ECPA") 18 U.S.C. §§2511 and 2520, §1030 of the Computer

Fraud and Abuse Act ("CFAA") 18 U.S.C. §1030, §2701 of the Stored Communications Act

("SCA"), 18 U.S.C. §2701, 42 U.S.C. §1983, the Fourth Amendment of the United States

Constitution, the Pennsylvania Wire Taping and Electronics Surveillance Act, 18 Pa. C.S.A

§5701 *et seq.* ("PWESA"), and Pennsylvania common law.

## PARTIES, JURISDICTION AND VENUE

4.     This Court has original subject matter jurisdiction over Plaintiff's federal law

claims pursuant to 28 U.S.C. §§1331 and 1137, and supplemental jurisdiction over Plaintiff's

state law claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) as each

named Defendant is a resident of and/or maintains a permanent business office in this District.

6.     In connection with the acts and conduct complained of herein, Defendants, either

directly or indirectly, used the means and instrumentalities of interstate commerce, including the

internet.

7.     Plaintiff, Jalil Hasan, was, at all times material hereto, a minor and high school

student attending Lower Merion High School at 245 East Montgomery Avenue, Ardmore, PA

19003-3339.  Since graduating from Lower Merion High School, Jalil has attained the age of

majority.

8.     Defendant, Lower Merion School District ("School District"), is a municipal

corporation body politic within the Commonwealth of Pennsylvania, with a principal place of

business at 301 East Montgomery Avenue, Ardmore, PA 19003. Lower Merion High School is

part of the School District. At all times relevant hereto, all of  the matters complained about

herein were caused by the direct acts, gross negligence, reckless indifference and wanton

abandonment of all responsibility to train, supervise, control, monitor and discipline the

employees of the School District acting in the course and scope of their employment and with

actual or tacit approval and authority of the School District in the activities and behavior of its

agents, servants, workers and employees which were, by all moral, legal, ethical and rational standards, so outrageous as to warrant the most severe sanctions available under the law.

9.      Defendant, Board of Directors of the Lower Merion School District ("Board"), is comprised of a nine (9) member board elected locally to act as a corporate body in fulfilling the School District's and the Commonwealth of Pennsylvania's obligation to provide public education. The Board can be contacted through its secretary, Fran Keaveney, with an address of 301 East Montgomery Avenue, Ardmore, PA 19003. At all times relevant hereto, some or all of the members of the Board were, based on information and belief, aware of the capabilities of the LanREV software, and knew that the software was being activated to take webcam pictures and screenshots of students in their homes and, and notwithstanding such knowledge, abdicated all responsibility to oversee the School District's administrators, faculty, supervisors and employees in connection with the use of the LanREV software, which misfeasance was the direct principal reason that the acts complained of were allowed to occur unchecked.

10.      Defendant, Superintendant of Schools Christopher W. McGinley ("McGinley"), is a School District Administrator appointed by the Board to supervise the day to day operation of the School District.  As such, he is responsible for the implementation of policies, procedures and practices instituted by the Board and as the singular most important employee of the School District had the highest responsibility to protect students health, welfare and privacy rights far exceeding, and significantly more important than, the obligation to safeguard School District personal property. McGinley was, based on information and belief, aware of the capabilities of the LanREV software, and knew, or should have known, that the software was being activated to take webcam pictures and screenshots of students in their homes and despite this knowledge, failed to take any actions to insure that the students' privacy rights were not violated and/or

intentional chose to disregard students' privacy rights in favor of safeguarding School District personal property.

11.     Defendant, Michael Perbix ("Perbix"), is an adult individual with a residence address of 221 Bannockburn Avenue, Ambler, PA.  At all times material hereto, Perbix was an employee of the School District, employed in the Information Services ("IS") Department and was allegedly one of only two School District employees that had the unfettered ability to activate the software deployed in every student computer that permitted Perbix to selectively spy on students at any time he chose as long as the laptop was open and powered up.

12.     Defendant, Charles Gitner ("Gitner"), is, upon information and belief, an adult citizen of the Commonwealth of Pennsylvania. At all times material hereto, Gitner was an employee of the School District, employed in the IS Department.

13.     Defendants, John Does 1-5, are persons, currently unknown to Plaintiff, who were employees of the School District and who requested, authorized, activated and viewed and/or permitted the continuation of operation of the spyware more fully set forth below.

## FACTUAL BACKGROUND

14.     During the 2009-2010 school year, and pursuant to the School District's program known as the One-to-One laptop program, the School District issued to each of its approximately 2,300 high school students an Apple MacBook laptop for use during the school year. Unbeknownst to students and their parents, including Plaintiff herein, the embedded camera was or could be used by Defendants, or for that matter, even a computer hacker through a  software security vulnerability, to take pictures of students  whenever the Defendants chose to do so.

15.     On or about 2007, the School District purchased software called LANrev for deployment in all School District computers.  LANrev included a feature called "TheftTrak"

which could be remotely activated by any one, however the School District allegedly designated only two people with the ability to activate this feature.

16.     When remotely activated, TheftTrak would, at an interval set by the eavesdropper,, record, *inter alia*, a photograph taken by the computer's webcam of whatever was in front of the webcam, and an image reflecting whatever was on the computer's screen (a "screen shot").

17.     Moreover, since the webcam can just as easily, and does, stream live video over the Internet, no one can safely and assuredly guarantee that the LanREV software could not be manipulated to permit access to a live video stream.

18.     At no time did the School District disclose either the existence or the capabilities of TheftTrak to the students, parents or guardians within the School District and certainly the School District did not disclose to anyone that a vulnerability in the software existed that, if exploited, allowed access to the employed software by anyone in the world.

19.     In fact, unlike a desktop or tower computer that is not portable, a laptop is relatively small and very portable and is reasonably expected to, and is, carried by students in all manner of bags and totes for use anywhere, and access to the Internet anywhere that a Wifi connection can be found.

20.     At no time did the School District adopt any policies or procedures governing use of the TheftTrak feature by IS personnel so that students' privacy rights and/ or the privacy rights of others within a students household, or elsewhere would be protected.

21.     On or about Friday, December 18, 2009, after Jalil had left school he realized that his school issued laptop was not in his backpack.

22.     On Monday, December 21, 2009, upon information and belief Gitner, Perbix and others, acting within the course and scope of their employment for the School District and under color of state law, not only activated the TheftTrak software in violation of some employees, including Perbix's, unofficial and unsanctioned rules regarding use and employment of the software only in situations where the computer was reported lost or stolen, but also allowed it to remain on indefinitely, all the while exposing Jalil, his family and friends to invasion of their most guarded of places, to the world in general and the School District's employees in particular.

23.     Jalil's laptop had apparently been found by a teacher on Friday, December 18, 2009, and turned into the IS department.  Jalil retrieved his laptop from the IS department on Monday, December 21, 2009.

24.     Despite the fact that the IS department returned Jalil's laptop to him on December 21, 2009, **the TheftTrak software remained activated on Jalil's laptop computer beginning on December 21, 2009, until the publication of the Robbins' lawsuit on February 18, 2010 and was only turned off because of the Robbins lawsuit.** In fact, had the Robbins' class action lawsuit not been filed, arguably Jalil's laptop would have continued whirring away snapping photographs and grabbing screenshots each time it was powered up.

25.     As a result of the activation of Jalil's laptop beginning on December 21, 2009, no less than 1,018 images (469 webcam photographs and 543 screen shots) where taken by defendants, including without limitation, upon information and belief, communications originated by plaintiff, from Jalil's laptop.

26.     Plaintiff first learned of the existence of TheftTrak and the fact that the School District had in its possession 1,018 webcam photographs and screen shots taken from his

computer on or about July 8, 2010, when he and his mom received a letter from Hank Hockeimer.

27.   It is believed that there may be significantly more webcam photographs and screenshots since the report authored by the School District states that **LANrev data was deleted the day after the District learned of the Robbins lawsuit.**

28.   Each of the 1,018 webcam photographs and screen shots set forth above were taken without Jalil's knowledge, without his authorization and to his utter shock, dismay, panic, embarrassment and disgust. The same is true with respect to all other persons whose images may appear in the webcam photographs taken from Jalil's computer, insofar as they had no knowledge of TheftTrak or its capabilities, and did not authorize the School District, or anyone else, to take their photographs.

29.   At all times material hereto, and as a consequence of the School District's intentional, willful, wanton and reckless failure and refusal to inform parents, students or guardians of the existence and/or capabilities of TheftTrak, Jalil and all other persons whose images appear on webcam photographs had a reasonable expectation of privacy with respect to Jalil's out of school use of his laptop. .

30.   In fact, as a direct consequence of the School District's and Defendants' illegal actions as alleged above, the private life of Jalil has been invaded, at a minimum, by lawyers for the School District, employees of L-3 Communication and the US Attorneys office, and possibly by every employee with the School District with access to the LanREV software or others persons yet to be discovered, all without the consent of knowledge or consent of Jalil.

## COUNT I – INTERCEPTION OF
## ELECTRONIC COMMUNICATIONS UNDER THE ECPA

31.     Plaintiff repeats and re-alleges each and every allegation above as if fully set forth set forth herein.

32.     Plaintiff asserts this Count against all Defendants, jointly and severally, pursuant to §§ 2511 and 2520 of the ECPA, 18 U.S.C. §§ 2511 and 2520.

33.     Section 2511 of the ECPA provides in part:

(1)     Except as otherwise specifically provided in this chapter any person who—

(a)     intentionally intercepts, endeavors to intercept, or procures any other person to intercept, or endeavor to intercept, any . . . electronic communications;

* * * * *

(d)     intentionally uses, or endeavors to use, the contents of any . . . electronic communication knowing or having reason to know that the information was obtained through the interception of a[n] . . . electronic communication in violation of this subsection; . . . shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

34.     Section 2520 of the ECPA provides in part:

(a)     In general. –Except as provided in section 2511 (2)(a)(ii), any person whose . . . electronic communication is intercepted . . . or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

(b)     Relief.—In the action under this section, appropriate relief includes –

(1)     such preliminary and other equitable or declaratory relief as may be appropriate

(2)     damages under subsection (c) and punitive damages in appropriate cases; and

(3)     a reasonable attorney's fee and other litigation costs reasonably incurred.

35.     Section 2510 of the ECPA, setting forth the definitions of the terms in § 2511, defines "person" to include, *inter alia,* "any employee, or agent of the United States or any State or political subdivision thereof. . . ." 18 U.S.C. § 2510(6).   Accordingly, each Defendant is a "person" within the meaning of § 2511.

36.     Section 2510 defines "electronic communication" to include "any transfer of signs, signals, writing, imaging, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic, or photo optical system that affects interstate or foreign commerce, . . ."   18 U.S.C. § 2510(12).   Accordingly, the webcam photographs and screen shots complained of constitute an "electronic communication" within the meaning of § 2511.

37.     Section 2510 defines "intercept" to mean "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device."   18 U.S.C.   § 2510(4).   Section 2510 defines "electronic, mechanical, or other device" to mean "any device or apparatus which can be used to intercept a wire, oral, or electronic communication," subject to exclusions not relevant to this action.   18 U.S.C. § 2510(5).

38.     TheftTrak used by the School District to remotely activate Plaintiff's webcam is an "electronic . . . device" within the meaning of 18 U.S.C. § 2510(5).   By using TheftTrak to secretly obtain webcam photographs and screen shots, each Defendant "intercepts" that communication within the meaning of § 2511.

39.     By virtue of the foregoing, Plaintiff is a "person whose . . . electronic communications were intercepted, disclosed and/or intentionally used in violation of this chapter" within the meaning of § 2520.

40.     By virtue of the foregoing, Defendants are liable to Plaintiff for their violations of §§ 2511 and 2520 of the ECPA.

41.     Since Plaintiff first learned of Defendants' unlawful remote activation of the webcams complained of on July 8, 2010, this action is timely filed pursuant to ECPA's applicable statue of limitations.

42.     The individual Defendants' actions complained of herein were conscious, intentional, wanton and malicious, entitling Plaintiff to an award of punitive damages.

## COUNT II – THEFT OF
## INTELLECTUAL PROPERTY UNDER THE CFAA

43.     Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

44.     Plaintiff asserts this Count against Defendants, jointly and severally, pursuant to § 1030 of the CFAA, 18 U.S.C. § 1030.

45.     Section 1030 provides in part:

(a)     Whoever-

* * * * *

(2)     intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains—

(C)     information from any protected computer if the conduct involved an interstate or foreign communication;

* * * * *

shall be punished as provided in subsection (c) of this section.

(b)     Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

* * * * *

(g)   Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. . . .   No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.

46.   Section 1030 of the CFAA defines the term "protected computer" to include "a computer . . . which is used in interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B).  Each laptop issued by the School District and equipped with a webcam is used in interstate communications and is therefore a "protected computer" within the meaning of § 1030.

47.   Section 1030 of the CFAA defines the term "exceeds authorized access" to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter." 18 U.S.C. § 1030(e)(6).  By using TheftTrak to remotely activate Plaintiff's webcam and record photographs and/or screen shots, each Defendant has gained "access a computer without authorization or exceeds authorized access" within the meaning of § 1030.

48.   By virtue of the foregoing, Defendants are liable to Plaintiff for their violations of § 1030 of the CFAA.

49.   Since Plaintiff first learned of Defendants remote activation of the webcams complained of on July 8, 2010, this action is timely filed.

50.   The individual Defendants actions complained of herein were conscious, intentional, wanton and malicious entitling Plaintiff to an award of punitive damages.

## COUNT III – STORED
## COMMUNICATIONS ACT (18 U.S.C. § 2701)

51.    Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

52.    Section 2701 of the SCA provides, in pertinent part:

Except as provided in subsection (c) of this section, whoever-

1)    intentionally accesses without authorization a facility through which an electronic communication service is provided; or

2)    intentionally exceeds an authorization to access that facility;

and thereby obtains, alters or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

53.    Section 2711 of the SCA defines "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system that affects interstate or foreign commerce. . . ." 18 U.S.C. §§ 2711, 2510(12).  Accordingly, the webcam photographs and screen shots complained of are "electronic communications" within the meaning of the SCA.

54.    Section 2711 of the SCA defines "person" to include "any employee, or agent of the United States or of a State or political subdivision thereof, and any individual, partnership, association. . . ." 18 U.S.C. §§ 2711, 2510(6).  Accordingly, all Defendants are "persons" within the meaning of the SCA.

55.   Section 2711 of the SCA defines "electronic storage" to include "any temporary intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof. . . ." 18 U.S.C. §§ 2711, 2510(17)(A).

56.   Defendants' use of TheftTrak to remotely activate Plaintiff's webcam and to obtain photographers and screen shots, including without limitation, upon information and belief, email and other communications, constitutes an unauthorized acquisition of stored electronic communications in violation of the SCA.

57.   Section 2701(b) of the SCA provides punishment in those instances where the unauthorized acquisition of stored electronic communications was not done for commercial gain or advantage of "a fine under this title or imprisonment for not more than six months, or both. . . ." 18 U.S.C. § 2701(b)(B).

## COUNT IV – VIOLATION OF THE
## CIVIL RIGHTS ACT (42 U.S.C. § 1983)

58.   Plaintiff repeats and re-alleges each and every allegation set forth above as if fully set forth herein.

59.   Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress. . . ."

60.   All Defendants are "persons" within the meaning of § 1983, in that at all times material hereto they were acting under the color of state law as a political subdivision of the Commonwealth of Pennsylvania, or a representative thereof.

413899-1                                      -14-

61. Defendants' actions and failures to act as alleged above were unreasonable and without justification at their inception, and, even if it had been justified at its inception, which it was not, was vastly over broad in its scope and beyond all reasonable bounds of decency and appropriateness considering, *inter alia,* that it was not reasonably related to any compelling purpose, there were significant privacy interests at stake and Plaintiff had no knowledge of or consent to Defendants' invasive conduct.

62. Defendants' conduct as set forth above deprived Plaintiff of clearly established Constitutional rights of which a reasonable person would have known, including, at a minimum, the right of privacy inherent in the United States Constitution and the right to freedom from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution.

63. The failure of the School District, its Board of Directors and its Superintendant ("School District Defendants") both to prevent any use of the TheftTraker in a manner that would violate Plaintiff's Constitutional rights, and to adopt comprehensive policies and procedures to protect Plaintiff's Constitutional rights in a situation where the mere use, let alone the potential misuse of TheftTraker, was foreseeable and would result in an obvious violation of Plaintiff's Constitutional rights, renders said Defendants directly responsible for the violation of Plaintiff's Constitutional rights.

64. Plaintiff's Constitutional rights were violated as a result of the School District Defendants' official custom and policy of, *inter alia,* requiring the students to use computers with embedded spying capabilities and then allowing and fostering the unfettered, unsupervised, unmanaged and unprotected use of the computer spying capabilities on the students and other victims, without any warning to the victims of its violative and intrusive use and capabilities.

65.     The School District Defendants were grossly negligent in failing to prevent its employees from violating Plaintiff's Constitutional rights by implementing policies, practices and procedures designed to protect the student's rights and by adequately training its personnel with respect to the spying capabilities of the computers. Rather, the School District created a dangerous situation for its students, including plaintiff.

66.     As Plaintiff first learned of Defendants' unlawful deprivation of his Constitutional rights on July 8, 2010, this action has been commenced within § 1983's applicable two-year statute of limitations.

67.     The conduct of Defendant individuals as alleged above was intentional, extreme and outrageous, and thereby entitles Plaintiff to an award of punitive damages.

## COUNT V – INVASION OF
## PRIVACY (U.S. CONST. AMEND. IV)

68.     Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

69.     At a minimum, and pursuant to the Fourth Amendment of the United States Constitution, U.S. CONST. amend. IV, Plaintiff had a reasonable expectation of privacy with respect to the use of the webcams embedded in the laptop computers issued by the School District.

70.     In particular, Plaintiff was never informed that the webcam incorporated into his personal laptop computer could be remotely activated by the School District and/or its agents, servants, workers or employees indiscriminately at the whim of the School District, and that such activation would naturally capture images of anything in front of the webcam and/or screen shots at the time of its activation.

71.     Each of the 469 webcam photographs and 543 screen shots from Plaintiff's laptop, covertly recorded by the School District, constitutes a separate and distinct violation of Plaintiff's right to privacy as protected by the Fourth Amendment.

### COUNT VI – PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE ACT (18 PA. C.S.A. § 5101, *ET SEQ.*)

72.     Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

73.     Section 5703 of the PWESA states in pertinent part:

Except as otherwise provided in this chapter, a person is guilty of a felony of the third degree if he:

1)     intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or aural communication;

74.     Section 5702 of the PWESA defines "intercept" to include the "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa. C.S.A. § 5702.

75.     Section 5702 of the PWESA defines "electronic communications" to include "any transfer of signs, signals, writing, images, . . . transmitted in whole or in part by a wire, radio, electromagnetic, photo electronic or photo optical system. . . ." 18 Pa. C.S.A. § 5702.

76.     Section 5702 of the PWESA defines "person" as "any employee, or agents of the United States or any state or political subdivision thereof. . . ." 18 Pa. C.S.A. § 5702.

77.     Pursuant to § 5702 of the PWESA, Defendants are "persons" within the meaning of the Act, and Defendants' conduct with respect to the webcams complained of constitutes an interception of electronic communications violative of the PWESA.

78.     Pursuant to § 5725 of the PWESA:

Any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person:

1)   Actual damages, but not less than liquidated damages computed at the rate of $100.00 a day for each day of violation, or $1,000.00, whichever is higher.

2)   Punitive damages.

3)   A reasonable attorney's fee and other litigation costs reasonably incurred.

## COUNT VII – INVASION OF
## PRIVACY: PENNSYLVANIA COMMON LAW

79.   Plaintiff repeats and re-alleges each and every preceding allegation as if fully set forth herein.

80.   At all times material hereto, and pursuant to the common law of Pennsylvania, Plaintiff had a reasonable expectation of privacy with respect to the operation of the webcams complained of.

81.   Plaintiff was never informed by the School District the existence and/or capabilities of TheftTrak.

82.   Defendants' remote activation of TheftTrak as set forth above, resulting in the recording of 469 webcam photographs and 543 screen shots, constitute an intrusion upon Plaintiff's seclusion, contrary to Pennsylvania common law.

WHEREFORE, Plaintiff, Jalil Hasan, requests judgment in his favor and against Defendants, Lower Merion School District, The Board of Directors of the Lower Merion School

District and Christopher W. McGinley, Michael Perbix, Charles Ginter and John Does 1-5, jointly and severally, as follows:

1)   for compensatory damages;

2)   for statutory damages where permitted;

3)   for punitive damages with respect to the individual defendants;

4)   for liquidated damages pursuant to the PWESA;

5)   for attorneys' fees and costs;

6)   for declaratory and injunctive relief; and

7)   for such other and further relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

**LAMM RUBENSTONE** LLC

By: _____
Mark S. Haltzman, Esquire (#38957)
Stephen Levin, Esquire (#19300)
Frank Schwartz, Esquire (#52729)
3600 Horizon Boulevard, Suite 200
Trevose, PA  19053-4900
(215) 638-9330 / (215) 638-2867 Fax
Attorneys for **Plaintiff**

DATED:   7/27/10